IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CARLINA
EASTERN DIVISION
Civil Action No.: 4:19-cv-130

| | | |
|---|---|---|
| MRBEASTYOUTUBE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| THOMAS BAKENCAI | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, MrBeastYouTube, LLC ("MBYT" or "Plaintiff") complaining of Defendant Thomas Bakencai alleges and says:

## PARTIES

1. Plaintiff is a limited liability corporation organized under the laws of the State of North Carolina with its principal place of business in Greenville, North Carolina. The sole member of MBYT is James Stephen "Jimmy" Donaldson, a citizen and resident of the State of North Carolina, residing in Greenville.

2. Defendant Thomas Bakencai, upon information and belief is a resident of the State of Washington.

## JURISDICTION & VENUE

3. This Court has original and exclusive federal question jurisdiction over the copyright and trademark claims asserted herein pursuant to 17 U.S.C. § 101 *et seq*. and 28 U.S.C. §§ 1331, 1338(a).

4. The jurisdictional prerequisite in 17 U.S.C. § 411(a) is satisfied by United States Copyright Registration No. VA2-134-088, a true and accurate copy of which is attached hereto as Exhibit 1.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

6. MrBeast is the online persona of Jimmy Donaldson, MBYT's owner.

7. MBYT was formed by Mr. Donaldson and is in the business of producing and distributing MrBeast videos online through its MrBeast YouTube channel.

8. Since 2012, Mr. Donaldson and MBYT have posted more than 700 original, good natured but fun videos featuring monetary giveaways, nutty experiments ("Can 20,000 Magnets Catch a Bullet In Mid Air?"), fun challenges ("Breaking Into The World's Toughest Safe") and friendly surprises ("Destroying My Friend's Car and Surprising Him With a New One").

9. Mr. Donaldson is currently one of the most popular YouTuber personalities and his MrBeast YouTube channel has more than 20 million followers. Due to the fame and notoriety of the online persona MrBeast, Mr. Donaldson and MBYT are able to derive substantial revenues from both paid advertisements and from the sale of branded merchandise featuring various MrBeast trademarks, logos and designs.

10. Official MrBeast goods can only be purchased by visiting the official MrBeast website at [www.shopmrbeast.com](www.shopmrbeast.com). Official MrBeast goods are not sold in other online or brick and mortar outlets.

11. Attached hereto as Exhibit 2 is a copy of a design referred to as the MrBeast Logo. The MrBeast Logo comprises the head of a large cat with a lightning bolt extending from one eye. The MrBeast Logo is printed on merchandise sold by MBYT and to promote MYBT's entertainment services.

12. The MrBeast Logo is the subject of U.S. Copyright Registration No. VA 2-134-088, which is attached as Exhibit 1 ("the '088 Registration"). MBYT is the owner of the copyright in the MrBeast Logo.

13. The MrBeast Logo is also a registered trademark of MBYT for clothing and entertainment services. A copy of U.S. Trademark Registration No. 5,850,491 issued to MBYT is attached hereto as Exhibit 3 ("the Mark").

14. Unfortunately, the fame of MrBeast has led to many online copycats that use, without authorization, the content offered through the MrBeast YouTube channel without permission and/or make and sell counterfeit MrBeast merchandise.

15. Upon information and belief, Defendant Thomas Bakencai is the proprietor of an online retail store called Jorkey on the Amazon online marketplace.

16. Upon information and belief, Defendant is engaged in the sale and distribution of counterfeit MrBeast goods bearing the copyrighted and trademarked MrBeast Logo through the Jorkey online store. The counterfeit items include shirts and hats identified by Amazon Standard Identification Numbers (ASIN) B07RZJP8WW, B07S4N78B1, B07S3SCQND, B07S1MK532, and B07RZJX36F.

17. Upon information and belief, Defendant advertises and sells counterfeit MrBeast goods to persons throughout the United States, including but not limited to persons located in the State of North Carolina and in this judicial district.

## COUNT I

(COPYRIGHT INFRINGEMENT)

18. The allegations of Paragraphs 1 through 17 of this Complaint are hereby realleged and incorporated herein by reference.

3

19. MBYT is the owner of a valid copyright registration for the MrBeast Logo. MBYT is the exclusive owner of all right, title, and interest in the copyright associated with the MrBeast Logo as described in the '088 Registration.

20. Upon information and belief, Defendant has willfully, and without the knowledge or consent of MBYT, copied or caused to be copied the MrBeast Logo and placed a logo identical to the MrBeast Logo on counterfeit merchandise including shirts and hats.

21. Defendant then sold the counterfeit merchandise with a logo identical to the MrBeast Logo to members of the public including residents of the State of North Carolina.

22. Defendant's conduct constitutes a willful violation of the exclusive rights of MBYT in the '088 Registration pursuant to 17 U.S.C. § 106 and creates a cause of action for copyright infringement pursuant to 17 U.S.C. § 501.

23. MBYT has been damaged by the Defendant's misuse of the MrBeast logo.

24. MBYT is entitled to recover its actual damages together with all profits of Defendant attributable to the infringement. Alternatively, MBYT may recover statutory damages and its attorney's fees pursuant to 17 U.S.C. §§ 504 and 505.

## COUNT II

(TRADEMARK INFRINGEMENT – REGISTERED MARK)

25. The allegations of Paragraphs 1 through 24 of this Complaint are hereby realleged and incorporated herein by reference.

26. MBYT is the owner of a valid trademark registration for the MrBeast Mark.

27. Defendant has infringed MBYT's registered MrBeast Mark in violation of Section 1114 of Title 15 of the United States Code ("Section 32 of the Lanham Act") including the use of a counterfeit mark as defined in Sections 1116(d) and 1127 of Title 15.

28. Defendant's use of the MrBeast Mark in connection with the sale of counterfeit MrBeast goods (shirts and hats) at the Jorkey online store through Amazon constitutes infringement of MBYT's federally-registered trademark in violation of Section 32 of the Lanham Act because it is likely to cause confusion, mistake and deception as to the origin of the goods sold or provided in connection with the Mark and it is likely to mislead consumers and potential consumers into believing that such goods are somehow affiliated with, or are sponsored, authorized, approved or sanctioned by MBYT or that goods sold or provided under MBYT's Mark are somehow affiliated with or are sponsored, authorized, approved or sanctioned by Defendant.

29. Defendant's use of the MrBeast Mark in connection with the sale of counterfeit shirts and hats trades on the goodwill that MBYT has established in its distinctive brand.

30. Pursuant to Section 1117(b) of Title 15, MBYT is entitled to recover three times any profits Defendant has earned from the sale of any counterfeit goods, or three times the amount of damages that MBYT has suffered as a result of such counterfeit sales, whichever is greater, together with its reasonable attorney's fees and the costs of this action.

31. MBYT has suffered and continues to suffer damages as a result of Defendant's infringement of its registered Mark.

32. Defendant's acts of infringement have caused, and unless enjoined by the Court, will continue to cause, irreparable damage, loss and injury to Plaintiff for which it has no adequate remedy at law.

## COUNT III

### (TRADEMARK INFRINGEMENT – UNREGISTERED MARK)

33. The allegations of Paragraphs 1 through 32 of this Complaint are hereby realleged and incorporated herein by reference.

34. MBYT has used the MrBeast Mark in commerce since May 1, 2018 to identify its products and entertainment services.

35. MBTY has used the MrBeast Mark on its YouTube channel to broadcast to consumers and subscribers all over the United States and the world.

36. Defendant's use of the MBYT Mark in connection with the sale of counterfeit shirts and hats violates Section 43(a) of the Lanham Act because such use is likely to cause confusion, mistake and deception as to the origin of goods sold or provided in connection with that Mark and its likely to mislead consumers and potential consumers into believing such goods are somehow affiliated with , or are sponsored, authorized, approved, or sanctioned by MBYT, or that goods sold or provided by MBYT's Mark are somehow affiliated with, or are sponsored, authorized, approved, or sanctioned by, Defendant.

37. Defendant's use of the MBYT Mark in connection with the sale of counterfeit shirts and hats trades upon the goodwill that MBYT has established in its distinctive brand.

38. Defendant has engaged and continues to engage in the above-complained of activity knowingly, willfully, and in bad faith, so as to justify the assessment of treble damages against it in an amount to be determined at trial, along with MBYT's reasonable attorney's fees and the costs of this action.

39. Defendant's infringing acts have caused MBYT to sustain monetary damage, loss, and injury in an amount to be determined at trial.

# JURY DEMAND

Plaintiff, pursuant to FED. R. CIV. P. 38(b), hereby demands a trial by jury in this action on all issues so triable of right.

WHEREFORE, Plaintiff respectfully prays the Court that:

1. That Defendant, its respective agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from infringing any United States Copyright Registration owned by MBYT including the '088 Registration;

2. That Defendant, its respective agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using the MrBeast Mark;

3. That the Court order the impounding and destruction of any and all works, derivative works, or products bearing the MrBeast Logo, or MrBeast Mark, including any unsold goods;

4. That Plaintiff have and recover damages and profits pursuant to 17 U.S.C. § 504 for Defendant's infringement of the '088 Registration in an amount to be determined at trial;

5. That in the alternative and at its election, Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504 against Defendant and that the damages be increased due to the willful nature of the conduct of Defendant;

6. That Defendant be required to take any action as may be directed by the Court to remedy and alleviate any customer confusion or any loss of goodwill suffered by Plaintiff as a result of Defendant's acts;

7. That Defendant account for and pay to Plaintiff three times all gains, profits, savings, and advantages realized by Defendant as a result of his unlawful activity regarding Plaintiff's Mark;

8. That Plaintiff's damages for the unauthorized use of its Mark be trebled;

9. That Plaintiff be awarded its reasonable attorney's fees;

10. That the costs of this action be taxed against Defendant; and

11. For such other and further relief as the Court shall deem just and proper.

This the 16th day of September, 2019.

        COATS + BENNETT, PLLC

        By: /s/ Gavin B. Parsons
           David E. Bennett
        N.C. State Bar No. 12864
           Gavin B. Parsons
        N.C. State Bar No. 28013
        Attorneys for Defendant
        1400 Crescent Green, Suite 300
        Cary, North Carolina 27518
        Telephone: (919) 854-1844
        Facsimile: (919) 854-2084
        dbennett@coatsandbennett.com
        gparsons@coatsandbennett.com