IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-cv-130-BO

| | | |
|---|---|---|
| MRBEASTYOUTUBE, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| THOMAS BAKENCAI, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default judgment. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

Plaintiff commenced this action against defendant in September 2019 for alleged copyright (Count I) and trademark infringement (Counts II and III). Plaintiff is a North Carolina limited liability company that operates a YouTube channel which has attracted more than 20 million followers. Due to the fame of the online persona associated with the YouTube channel, MrBeast, plaintiff has been able to generate substantial revenues from paid advertisements and from the sale of branded merchandise that features various MrBeast trademarks, logos, and designs. The MrBeast logo is the subject of a registered copyright and registered trademark held by plaintiff.

Plaintiff alleges that defendant is engaged in the sale and distribution of counterfeit MrBeast goods bearing the copyrighted and trademarked logo. Defendant allegedly sells the counterfeit products as an online retailer named "Jorkey" through Amazon's online marketplace.

Before filing this lawsuit, plaintiff's counsel submitted a complaint to Amazon about the copyright and trademark violations. On September 1, 2019, plaintiff received an email from Amazon containing a counter-notice filed by defendant. The counter-notice listed contact

information for Jorkey, which included the name Thomas Bakencai, a Washington State address, an email address, and a phone number. The counter-notice also contained explicit consent to be sued in any appropriate U.S. district court and an agreement to accept service of process.

On September 16, 2019, plaintiff filed the complaint in this action and retained a process server in Washington. When attempting to serve defendant, however, the process server determined that the address listed in the counter-notice was not a valid address and did not exist as written. The process server then performed a skip trace using the name Thomas Bakencai and found that there was no individual with that name in Washington. The process server broadened the scope of the skip trace to include the entire country and used the last name Bakencai. He found that no one in the United States used the last name Bakencai. Plaintiff's counsel attempted to contact defendant using the provided phone number, but no one answered, and the phone did not have a functioning voicemail service. Plaintiff's counsel notified Amazon that the information provided by defendant in the counter-notice was fictitious. Amazon has refused to provide any additional information identifying defendant or confirm his location.

On January 6, 2020, plaintiff's counsel received an email from an individual identifying himself as Thomas Bakencai. The email stated that the individual was sorry for selling items protected by copyright and asked that plaintiff withdraw the complaint with Amazon. Plaintiff's counsel received a second, identical email from the same email address two days later.

On January 8, 2020, the clerk issued a notice to plaintiff to show cause as to why service had not been accomplished. On January 10, plaintiff moved to extend the service deadline and for the Court's permission to serve defendant via email. Given that defendant could not be located within the United States, plaintiff requested the Court's permission under Federal Rule of Civil Procedure 4(f), which allows service on an individual in a foreign county "by other means not

2

prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). The Court granted the motion and allowed service via the same email address that defendant had previously used to contact plaintiff's counsel. On February 13, plaintiff served defendant accordingly.

Defendant has since failed to appear in this action. Clerk's default pursuant to Rule 55(a) was entered against defendant on April 6, 2020. Plaintiff now seeks entry of default judgment.

DISCUSSION

As a threshold matter, the Court notes that plaintiff has no ability to assure the Court that the individual identifying himself as Thomas Bakencai is neither a minor nor an incompetent person, against whom the Court may not enter default judgment. Fed. R. Civ. P. 55(b)(2). Defendant in this case has refused to engage with plaintiff's counsel and has repeatedly provided fictitious information about his identity and location. But this elusiveness cannot erect a permanent barrier to plaintiff's ability to obtain a remedy. Given the circumstances of this case, the Court finds that it is appropriate to adjudicate plaintiff's default judgment motion without assurance that defendant is neither a minor nor an incompetent person.

After the entry of default, the well-pleaded factual allegations in plaintiff's complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in this action." *Id*.

The complaint and supporting exhibits allege the following facts. Plaintiff is the owner of the MrBeast logo, which depicts the head of a large cat with a lightning bolt extending from one eye. The logo is protected by U.S. Copyright Registration No. VA 2-134-088 and U.S. Trademark 5,850,491. Plaintiff sells various merchandise bearing the logo. Defendant is an online retailer named Jorkey through the Amazon online marketplace. Defendant sold and distributed counterfeit

3

shirts and hats bearing the MrBeast logo through Jorkey's Amazon page using Amazon Standard Identification Numbers (ASIN) B07RZJP8WW, B07S4N78B1, B07S3SCQND, B07S1MK532, and B07RZJX36F. Defendant willfully copied the MrBeast logo, placed it on the counterfeit merchandise, and sold it to members of the public without plaintiff's permission or consent. The counterfeit merchandise was sold to North Carolina residents. These allegations are deemed admitted.

The admitted facts support the relief sought in this action—specifically, statutory damages for copyright infringement and a permanent injunction against further copyright and trademark infringement.

Copyright (Count I)

Defendant's conduct constitutes a willful violation of plaintiff's exclusive rights in the '088 Registration, and consequently, plaintiff is entitled to default judgment on Count I. Defendant's conduct violates 17 U.S.C. § 106 and plaintiff has a cause of action under 17 U.S.C. § 501. "The Copyright Act provides that a copyright owner may elect to recover, in lieu of actual damages and profits, an award of statutory damages in a sum of not less than $750 or more than $30,000, as the court considers just." *EMI Apr. Music Inc. v. Rodriguez*, 691 F. Supp. 2d 632, 635–36 (M.D.N.C. 2010); 17 U.S.C. § 504(c)(1). Here, plaintiff has elected statutory damages and suggests an award of $10,000—an amount the Court considers just.

In addition, plaintiff seeks a permanent injunction to prevent further copyright infringement. 17 U.S.C. § 502(a). The factors supporting the entry of a permanent injunction are irreparable injury, inadequate remedy at law, the balance of hardships favor plaintiff, and the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "A permanent injunction is appropriate where infringement has

been proven and a threat of continuing infringement exists." *EMI Apr. Music*, 691 F. Supp. 2d at 635. Here, plaintiff has made a credible showing that defendant will continue to infringe its copyright. Defendant's fictitious information and refusal to appear in this litigation demonstrates bad faith and an intent to avoid legal obligations and accountability. Accordingly, after considering relevant factors, the Court finds that an injunction preventing future copyright infringement is appropriate.

<u>Trademark (Counts II and III)</u>

The admitted allegations also support a finding of trademark infringement. Trademark infringement requires the holder to show that: (1) it owns a valid mark, (2) defendant used the mark in commerce without authorization, (3) defendant used the mark in connection with sale of goods or services, and (4) use of the mark is likely to confuse consumers. *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) (citing 15 U.S.C. § 1114(a)). These elements are met. Plaintiff owns a valid trademark for which it has a federal trademark registration. Defendant sold counterfeit merchandise bearing the mark. Finally, defendant's use of the mark is likely to confuse consumers as the mark is inherently distinctive. *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996). The mark depicts a large, blue cat with a lightning bolt extending from its right eye. Plaintiff has shown that defendant used a counterfeit mark in violation of 15 U.S.C. § 1116(d), and consequently, plaintiff is entitled to default judgment on Counts II and III.

Plaintiff requests a permanent injunction to prohibit further trademark infringement by defendant. 15 U.S.C. § 1125(c)(1). Applying the *eBay* factors, and considering the continued threat of trademark infringement, a permanent injunction is appropriate.

## CONCLUSION

Plaintiff's motion [DE 20] for entry of default judgment against defendant is GRANTED. The Court awards plaintiff $10,000 in statutory damages pursuant to 17 U.S.C. § 504. Defendant Thomas Bakencai—or his true identity or successor—as well as those acting in concert with him, are permanently enjoined from using plaintiff's MrBeast logo. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). The clerk is DIRECTED to close this case.

SO ORDERED, this __1__ day of July, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE